**WESTERN WHOLESALE SUPPLY, INC., Plaintiff–Appellant,**

v.

**Douglas L. HOLLADAY, an individual; William E. Richards, an individual; DLH Investments, Inc., an Idaho corporation; Wayne–Dalton Corp., an**

---

Ohio corporation; Crawford Garage Door, Inc., a Washington corporation; Hoj Engineering & Sales Co., Inc., a Utah corporation, dba/Monarch Door ("Hoj"), Defendants–Appellees.

No. 00–35316.

D.C. No. CV–97–00297–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2001 *.

Decided Nov. 15, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER, District Judge.**

MEMORANDUM ***

A private antitrust plaintiff must show that it has suffered "antitrust injury." *Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*, 190 F.3d 1051, 1054–61 (9th Cir.1999). To do this, a plaintiff must show that defendants' conduct "is of the type the antitrust laws were intended to prevent," *id.* at 1055, because it "harms consumer welfare," *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir.1995) (citations omitted). Conduct harms consumer welfare "only when it harms both allocative efficiency *and* raises the prices of goods above competitive levels or diminishes their quality." *Id.* (citation omitted).

■ Western Wholesale has not shown that it suffered antitrust injury. There is no evidence that the defendants' actions raised the prices of goods above competitive levels, or diminished their quality. Western points to hearsay that a salesman for Idaho Door Supply said his company was "in the process of raising its prices to its wholesale customers." The only evidence Western offers to suggest that such a price increase ever occurred is its principal's unfounded speculation in a deposition. After a de novo review of the record, we

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

agree with the district court that there was no evidence that defendants' conduct "had any effect on prices for garage doors, retail or wholesale, in any market," or diminished the quality of the goods. Memorandum Decision of February 29, 2000, at 17; *see Amarel v. Connell,* 102 F.3d 1494, 1507 (9th Cir.1997) (requiring de novo review of antitrust standing). We affirm the district court's grant of summary judgment because Western has not shown it has suffered antitrust injury. *Am. Ad Mgmt.,* 190 F.3d at 1055.

■ Having dismissed all federal claims, the district court did not abuse its discretion in dismissing the state law counterclaims under 28 U.S.C. § 1367(c)(3). *See Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.